UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FRANK VELIZ,

        Plaintiff,                            Case No. 05-60039

v.                                        District Judge Marianne O. Battani
                                              Magistrate Judge R. Steven Whalen

MICHAEL BOUCHARD, et al.,



        Defendants.
_____/

## REPORT AND RECOMMENDATION

On February 16, 2005, Plaintiff filed an civil rights action under 42 U.S.C. §1983, alleging First, Eighth, and Fourteenth Amendment violations by Defendants following his January 23, 2003 arrest. Before the Court is Defendants Oakland County Sheriff's Department and Sheriff Michael Bouchard's *Motion for Summary Judgment* [Docket #30], filed July 18, 2007, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED and the claims against them be DISMISSED WITH PREJUDICE.

## I. FACTUAL BACKGROUND

Plaintiff makes the following allegations. On January 23, 2003, Plaintiff was arrested for Criminal Sexual Conduct ("CSC") involving a person under 13. *Complaint* at ¶18.

-1-

Directly following his arrest, he was placed in the medical unit of the Oakland County Jail because of complications from diabetes. *Id*. at ¶19. After remaining in the medical unit for one month, Plaintiff was transferred to a ten-man cell. *Id*. at ¶20. Plaintiff alleges that sometime after midnight in July or August, 2003, three of his cell mates gagged him, then beat and kicked him, breaking both of his ankles and "tearing all the ligaments (sic) in his legs around his ankles." *Id.* at ¶22. He alleges that he reported the attack to Officer Bandy the following morning, but was denied medical care *Id*. at ¶23.

Plaintiff states that in the following days, officers denied his repeated requests for medical care, despite the fact that his injuries prevented him from walking. *Id*. at ¶¶24-25. Plaintiff alleges that he was not examined by medical staff until three weeks after the attack, at which time x-rays showed the presence of a left ankle fracture. *Id*. ¶27-28. He states that "within days" of the examination, he was sent to an orthopedist who placed both ankles in casts and prescribed the use of a wheelchair *Id.* at ¶28.

Upon his return to jail, Plaintiff alleges that Defendant officers denied his request to attend bible studies and church because of his need for a wheelchair. *Id.* at ¶30. Plaintiff alleges that Defendant officers arranged for his transfer to a one-man cell in the "punishment unit." *Id*. at ¶30. He alleges that during his year-long stay in the single cell unit, Defendant officers destroyed his outgoing mail to the sheriff, jail commander, and medical department. *Id*. at ¶31. He states further that officers denied him access to his wheelchair during "call-outs," requiring him to crawl. *Id.* at ¶32. Plaintiff alleges that although Defendant Deroucher, an Oakland County Jail physician, opined that he required surgery as a result of

shoulder injuries sustained in the attack, the Sheriff's Department refused to approve surgery. *Id.* at ¶33. Plaintiff also alleges that "all defendants" denied his requests for grievance forms. ¶45. He requests the issuance of a declaratory judgment stating that "all defendants" violated Eighth Amendment rights and well as compensatory and punitive damages.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III.  ANALYSIS

### A.    Sheriff Bouchard

Defendant Bouchard argues that he should be dismissed based on Plaintiff's failure

to allege his personal involvement in the claimed constitutional violations. *Docket #30,* 7-9. Bouchard contends further that Plaintiff has failed to show or even allege that he "implicitly authorized, approved, or knowingly acquiesced in the conduct of the offending subordinate." *Id.*, citing *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Bouchard also argues that the *official* capacity claims against him, construed as claims against the Defendant Oakland County Sheriff's department, should be dismissed.

### 1. Personal Capacity

Under *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), § 1983 liability cannot generally be imposed on a theory of *respondeat superior*. Where there is an allegation of supervisory, or *respondeat superior* liability, it must be shown that the supervisory officials "actively participated in or authorized" the illegal activity. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). A defendant's personal involvement in unconstitutional activity is an essential element of a §1983 claim. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995).

Plaintiff has not shown or even alleged that Defendant Bouchard was personally involved in or authorized the alleged denial of his Eighth Amendment rights. Bouchard is thus not subject to supervisory liability under the cases cited above. The allegation against Bouchard, construed as "failure to supervise" claim, is limited to the statement that "Sheriff Michael Bouchard is aware of the defendants training." *Complaint,* ¶37. However, the claim

that Bouchard acquiesced to the officers' behavior stands at odds with other portions of the Complaint which indicate that Bouchard was unaware of the claimed activity. For example, the allegations that officers destroyed his "outgoing mail to the sheriff and jail commander" and refused to permit him access to the shift commander supports Bouchard's contention that he was uninvolved in the incidents underlying this action. *Complaint*, ¶¶31, 47. Accordingly, Bouchard should be dismissed in his personal capacity.

### 2. Official Capacity

Likewise, claims against Bouchard in his official capacity should be dismissed. As Oakland County Sheriff, a claim against him in his official capacity is a claim against the government entity of which he is an agent, that is, the County of Oakland. *See Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).[1]

In *Monell, supra*, the Supreme Court held that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory," and that for there to be municipal liability,

---

[1] Defendant argues that the salient governmental body in this official capacity claim is the Oakland County Sheriff's Department, which is not an entity subject to suit, and that the Complaint against Bouchard should be dismissed on that basis. However, the entity that the County Sheriff represents in his official capacity is the County, which would be the real party in interest. *See Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992, fn. 1 (6th Cir. 1994) ("A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest"); *Moomey v. City of Holland,* 490 F.Supp. 188, 189 (W.D. Mich. 1980) (holding that a police department "is merely a creature of the City, the real party in interest"). Here, the Sheriff's Department is a creature of Oakland County. *See Vine v. County of Ingham,* 884 F.Supp. 1153, 1158 (W.D.Mich.1995). Thus, Bouchard's (or the County's) liability must be assessed under *Monell*.

the alleged unconstitutional violation must implement or execute a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers, or be taken pursuant to governmental custom. *Monell,* 436 U.S. at 690-692. In the present case, Plaintiff has made no showing that County of Oakland was personally involved in the alleged violations, acted pursuant to any policy or custom, or that the County participated in, knew of, authorized, or otherwise condoned the acts in question. Conclusory allegations are insufficient to establish that the action was undertaken pursuant to a policy or custom. *Id*. Thus, the claims against Bouchard in his official capacity must be dismissed.

**B. The Oakland County Sheriff's Department**

Defendant Oakland County Sheriff's Department contends that allegations against it are dismissible on the basis that "it is not a recognized legal entity subject to suit." *Docket #30*, 6; *Hughson v. County of Antrim*, 707 F. Supp. 304 (W.D. Mich 1995).

In dismissing the Antrim County Sheriff's Department from suit, *Hughson,* 707 F.Supp. at 306, held as follows:

> "Michigan is a jurisdiction in which the sheriff and prosecutor are constitutional officers, and there does not exist a sheriff's department or a prosecutor's office. Instead, the sheriff and the prosecutor are individuals, elected in accordance with constitutional mandates. Mich. Const. Art. 7, § 4. Since the sheriff's department and the prosecutor's office do not exist, they obviously cannot be sued."

*See Luster v. Macomb County Sheriff's Jail,* 2007 WL 1219028, *2 (E.D.Mich.2007) (Duggan, J.); *Coopshaw v. Lenawee County Sheriff's Office of Lenawee County,* 2006 WL

3298898, *6 (E.D.Mich.2006)(Cox, J.); *Vine v. County of Ingham, supra*, 884 F.Supp. at 1158 ( sheriff's department "simply an agency of the county, not a separate legal entity" and thus cannot be sued). *See also Haverstick Enterprises, supra*. Thus, the Oakland County Sheriff's Department is not the real party in interest, and must be dismissed. *See* fn. 1, *supra*.

## IV. CONCLUSION

I recommend that Defendants Oakland County Sheriff's Department and Michael Bouchard's Motion for Summary Judgment [Docket #30] be GRANTED and that the claims against them be DISMISSED WITH PREJUDICE..

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court.

The response shall address specifically, and in the same order raised, each issue contained within the objections.

                S/R. Steven Whalen
                R. STEVEN WHALEN
                UNITED STATES MAGISTRATE JUDGE

Dated: January 8, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 8, 2008.

                S/G. Wilson
                Judicial Assistant