**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRANK VELIZ,

        Plaintiff,

v.

MICHAEL BOUCHARD, et al.          CASE NO. 05-60039
                                                HON. MARIANNE O. BATTANI

        Defendants.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS OAKLAND COUNTY SHERIFF'S DEPARTMENT AND BOUCHARD'S MOTION FOR SUMMARY JUDGMENT

Before the Court are Plaintiff's Objections to Magistrate Judge R. Steven Whalen's Report and Recommendation (Doc. #43). The Magistrate Judge determined that: (1) Plaintiff has failed to state a claim against Defendant Bouchard in his personal capacity; (2) Plaintiff has failed to provide any evidence to support a claim against Defendant Bouchard in his official capacity; and (3) Plaintiff cannot sue the Oakland County Sheriff's Department as it is not a legal entity. Plaintiff's objection states only that he is representing himself and does not know the law.

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. <u>Id</u>. The requirement of *de novo* review "is a statutory recognition that Article

III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The case at hand arises out of Plaintiff's incarceration from 2003-04 at the Oakland County Jail. He alleges a failure to provide medical care following an attack by fellow inmates and a general pattern of abuse by jail employees. Plaintiff has brought the suit against the Oakland County Sheriff's Department, Oakland County Sheriff Michael Bouchard, five Sheriff's Deputies, two Oakland County Jail doctors, and two unknown Oakland County Jail nurses.

The Court agrees with the Magistrate Judge that Defendant Bouchard and Defendant Oakland County Sheriff's Department are not proper parties to this suit. There is no allegation that Defendant Bouchard participated in the alleged activity, and without active participation or authorization there can be no *respondeat superior* liability or § 1983 claim establishing liability in Defendant Bouchard's personal capacity. See Poe v. Haydon, 853 F.2d 418, 429 (6th Cir. 1988); Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir. 1995). A claim against Defendant Bouchard in his official capacity as Oakland County Sheriff would require evidence that the "execution of a government's policy or custom ... inflict[ed] the injury," Monell v. City of New York Dep't of Social Services, 436 U.S. 658, 694 (1978); as there is no evidence of a policy or custom, this claim must be dismissed as well. Finally, the claim against the Oakland County Sheriff's Department shall be dismissed, as under Michigan law the Sheriff's Department is not a separate legal entity from Oakland County, and therefore not subject to suit. See Luster v. Macomb County Sheriff's Jail, 2007 Wl 1219028, *2 (E.D. Mich. 2007).

The Court therefore **ADOPTS** the Report & Recommendation in its entirety, and **GRANTS** Defendants Oakland County Sheriff's Department and Bouchard's Motion for Summary Judgment (Doc. # 30), and **DISMISSES WITH PREJUDICE** Plaintiff's complaint as to these two Defendants.

**IT IS SO ORDERED.**

      s/Marianne O. Battani

      MARIANNE O. BATTANI

      UNITED STATES DISTRICT JUDGE

DATED: March 14, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

      s/Bernadette M. Thebolt

      DEPUTY CLERK